UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI LYNN PENDERGAST, <br>     Petitioner, <br>   v. <br> CDCR, <br>     Respondent. | Case No. 19-cv-01272-JD <br><br> **ORDER OF DISMISSAL** |

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Napa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner was ordered to show cause why the petition should not be dismissed as unexhausted. She has filed a response.

## BACKGROUND

Petitioner states that she was sentenced to six years after pleading nolo contendere to residential burglary and vehicle theft. Petition at 1-2. She states that she filed no appeals. Petition at 3.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Petitioner alleges that she received ineffective assistance of counsel and that there was prosecutorial misconduct. Petitioner concedes in her response that she has not exhausted her state remedies for either claim and she does not seek a stay. Before she may challenge either the fact or length of her confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims she wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id*.

Petitioner has presented an entirely unexhausted petition which is dismissed without prejudice. Petitioner must present her claims to the California Supreme Court. Once the California Supreme Court has ruled on her claims she may file a petition in this Court.

**CONCLUSION**

1. The petition is **DISMISSED** without prejudice as unexhausted. A Certificate of Appealability is **DENIED**.

2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: June 4, 2019

JAMES DONATO
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEIDI LYNN PENDERGAST,

        Plaintiff,

  v.

CDCR,

        Defendant.

Case No. 19-cv-01272-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Heidi Lynn Pendergast ID: WG0089
Puerta La Cruz Conservation Camp #14
32363 Highway 79
Warner Springs, CA 92086

Dated: June 4, 2019

        Susan Y. Soong
        Clerk, United States District Court

        By: _____
        LISA R. CLARK, Deputy Clerk to the
        Honorable JAMES DONATO